**AKERMAN LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
BRYAN M. LEIFER (SBN 265837)
Email: bryan.leifer@akerman.com
ALICIA Y. HOU (SBN 254157)
Email: alicia.hou@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendants
FEDERAL HOME LOAN MORTGAGE CORPORATION; and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PRIETO AND GABRIELA PRIETO, individually and as Husband and Wife, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GRAND CAPITAL & ASSOCIATES, a California corporation, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation as its nominee, FEDERAL HOME LOAN MORTGAGE CORPORATION as "transferee" of Grand Capital & Associates, a California corporation, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a Delaware corporation as its nomine, and QUALITY LOAN SERVICE CORP, a California corporation and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 5:14-cv-01385-CJC-DTB<br><br>Hon. Cormac J. Carney<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br><u>Document Filed Concurrently Herewith:</u><br>1. Request for Judicial Notice<br>2. Declaration of Alicia Y. Hou<br><br>Hearing:<br>Date: September 8, 2014<br>Time: 1:30 p.m.<br>Ctrm: 9B<br><br>Complaint Filed: September 10, 2013<br>Trial Date: None |

**TO THE COURT, THE PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 8, 2014 at 1:30 p.m. or as soon thereafter as may be heard, in Courtroom 9B of the above-entitled Court located at 411

West Fourth Street, Santa Ana, CA 92701-4516, defendants Federal Home Loan Mortgage Corporation (erroneously sued as Federal Home Loan Mortgage Corporation as "transferee" of Grand Capital & Associates) (**Freddie Mac**) and Mortgage Electronic Registration Systems, Inc. (**MERS**) (collectively, **defendants**) move this Court to dismiss plaintiffs Jose Prieto and Gabriela Prieto's (collectively, **plaintiffs**) complaint with prejudice.

This motion is made and based upon Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, and is based on the ground that plaintiff fails to state a claim upon which relief may be granted and the complaint is barred as a matter of law. This motion is based upon this notice, the attached memorandum of points and authorities, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be presented at the time of the hearing.

This motion is made following three attempts to meet and confer with opposing counsel pursuant to Local Rule 7-3 which took place on July 16, 2014 and July 22, 2014. (*See* Declaration of Alicia Y. Hou regarding compliance with Local Rule 7-3.)

Dated: July 29, 2014

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Alicia Y. Hou*
     Alicia Y. Hou
Attorneys for Defendants
FEDERAL HOME LOAN MORTGAGE CORPORATION; and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Jose Prieto and Gabriela Prieto (**plaintiffs**) admit they defaulted on their home loan, yet they bring this quiet title action against defendants Federal Home Loan Mortgage Corporation (**Freddie Mac**) and Mortgage Electronic Registration Systems, Inc. (**MERS**) (collectively, **defendants**) alleging defendants wrongfully foreclosed on their home and ask this Court award them a free house. Plaintiffs' complaint fails both procedurally and substantively.

*First*, at the outset, plaintiffs' quiet title claim fails because they have failed to make a payment or even offer to pay any outstanding debt in connection with their loan. A quiet title action is an equitable action. *Shimpones v. Stickney*, 219 Cal. 637, 678 (1934). The rationale for this tender requirement stems from the equitable principal that the plaintiffs must first satisfy any obligation under the property to quiet title in their name free and clear. *Id.* Without providing sufficient facts demonstrating a complete payment or offer to pay, plaintiffs cannot quiet title.

*Second*, plaintiffs' action fails because it is based entirely on vague and conclusory allegations. Plaintiffs claim defendants wrongfully foreclosed on the subject property; however, plaintiffs fail to allege how or why the foreclosure was improper. At best, it appears plaintiffs are suggesting the trustee Quality Loan Service Corp. was never properly substituted in as trustee. To the extent plaintiffs' claim is based on such an allegation, it must fail because the judicially noticed documents demonstrate a substitution of trustee was recorded on April 14, 2011 wherein Quality Loan Service Corp. substituted the original trustee under the deed of trust. Plaintiffs fail to point to any other alleged "wrong doing" in their complaint.

*Third*, plaintiffs fail to adequately plead the elements of a quiet title action. Specifically, plaintiffs' complaint is not verified. Because the quiet title claim fails, the declaratory relief claim is subject to dismissal. Consequently, the entire complaint should be dismissed with prejudice.

## II.    STATEMENT OF FACTS

On or about April 30, 2007, plaintiffs obtained a loan from Grand Capital & Associates, Inc. (**Grand Capital**) in the original principal amount of $284,000.  This loan was secured by a deed of trust encumbering the subject property, which was recorded on May 11, 2007. (Request for Judicial Notice (**RJN**), Ex. 1.) LandAmerica Commonwealth (**LandAmerica**) was the original trustee and MERS was the beneficiary under the deed of trust. (*Id*.)  On April 4, 2011, MERS, as nominee for Grand Capital, assigned the deed of trust to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP.  (RJN, Ex. 2.)  On April 14, 2011 Quality Loan Service Corp. (**Quality**) substituted LandAmerica as the new trustee and the substitution of trustee was recorded on April 18, 2011.  (RJN, Ex. 3.)

On April 19, 2011, Quality recorded a notice of default indicating the plaintiffs were in default by $29,972.01 as of April 18, 2011.  (RJN, Ex. 4.)  Quality later recorded two notices of trustee's sale, one on July 29, 2011, and the second on February 9, 2012. (RJN, Exs. 5 and 6.)

On June 20, 2012, the deed of trust was assigned to Nationstar.  (RJN, Ex. 7.) Shortly thereafter, on June 26, 2012, Nationstar assigned its interest in the deed of trust to Freddie Mac.  (RJN, Ex. 8.)  The property was ultimately sold at a trustee's sale on July 12, 2012 to Freddie Mac.  (RJN, Ex. 9.)  Plaintiffs filed this action in the San Bernardino Superior Court on September 10, 2013.  Defendants thereafter removed the action to this instant Court on July 8, 2014.

## III.    LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted."  In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant. *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). Where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies.  *Frame v. City*

1  *of Arlington*, 657 F.3d 214, 239-240 (5th Cir. 2011); *Von Saher v. Norton Simon*
2  *Museum of Art at Pasadena*, 59 F.3d 954, 969 (9th Cir. 2010).

3  Dismissal is proper under Rule 12(b)(6) where there is a "lack of a cognizable
4  legal theory" or "the absence of sufficient facts alleged under a cognizable legal
5  theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *see*
6  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (court need not
7  accept as true unreasonable inferences or conclusory legal allegations cast as factual
8  allegations). "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to
9  relief' requires more than labels and conclusions, and a formulaic recitation of the
10 elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544
11 (2007). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009),
12 reviewed the motion to dismiss standard, finding a complaint must offer more than an
13 "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. This means
14 "naked assertions devoid of further factual enhancement" no longer suffice. *Id.*
15 (internal quotation omitted). Moreover, the facts actually pleaded must give rise to a
16 plausible claim for relief. *Id.* A claim only has "facial plausibility when the plaintiff
17 pleads factual content that allows the court to draw the reasonable inference that the
18 defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).
19 Dismissal with prejudice is proper if "it is clear that the complaint could not be saved
20 by any amendment." *Livid Holdings, Ltd. v. Salomon Smith Barney, Inc*., 416 F.3d
21 940, 946 (9th Cir. 2005).

22 **IV.     LEGAL ARGUMENT**
23 **A.     Plaintiffs' Claims Are Barred By Their Failure to Pay the Debt**
24 **Secured**

25 "A plaintiff may bring an action 'to establish title under adverse claims to
26 real...property....'" *Wilson v. Household Fin. Corp.,* CIV S-12-1413 KJM AC, 2013
27 WL 1310589 (E.D. Cal. Mar. 28, 2013) (*citing Civ. Proc. Code* § 760.020(a) and
28 *Kelley v. Mortg. Elec. Registration Sys.,* 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009).)

"'It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured.'" *Dooms v. Fed. Home Loan Mortgage Corp.,* CV F 11-0352 LJO DLB, 2011 WL 1303272 (E.D. Cal. Mar. 31, 2011) (*citing Shimpones v. Stickney,* 219 Cal. 637, 649 (1934).)  *See Mix v. Sodd*, 126 Cal. App. 3d 386, 390 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci,* 39 Cal. App. 3d 475, 477 (1974) (trustor is unable to quiet title "without discharging his debt.")

"With the complaint's absence of a meaningful ability or willingness to tender [plaintiffs'] indebtedness, a purported quiet title claim fails." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1177-78 (E.D. Cal. 2010).  "The plaintiff in a quiet title suit is not helped by the weakness of his adversary's title but must stand upon the strength of his or her own.  The fatal weakness in plaintiff's position is that she did not do equity by paying her debt, but refused to pay it." *Shimpones v. Stickney*, 219 Cal. at 649.

As was the case with the borrowers in the abovementioned cases, plaintiffs here request the Court grant affirmative equitable relief and are thus bound by the "well known rule that he who seeks equity must do equity."  *Id*.  Plaintiffs, however, have failed to make a payment or even offer to make a payment.  Defendants' motion to dismiss should be granted for this reason alone.

### B. Plaintiffs' First Cause of Action for Declaratory Relief/Quiet Title Fails

In their combined first cause of action for quiet title and declaratory relief, plaintiffs seek "confirm their title in and to themselves and to the exclusion of all others claiming ownership interest thereto." (Compl. ¶ 12.)  "To state a claim to quiet title, a complaint must be verified and include (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the

plaintiff against the adverse claims." *Permpoon v. Wells Fargo Bank Nat'l Ass'n*, 2009 U.S. Dist. LEXIS 89723, at * (citing *Code. Civ. Proc.* § 760.020).  Plaintiffs cannot maintain an action for quiet title because they cannot meet the minimum pleading requirements for bringing a quiet title claim.

*First*, plaintiffs failed to verify their complaint. California *Code of Civil Procedure* section 761.020 mandates a verified complaint for a quiet title action. *Code Civ. Proc.* § 761.020.

*Second*, plaintiffs cannot prevail because they failed to allege any "specific adverse claims" warranting quiet title.  Plaintiffs only make conclusory assertions.  At best, it appears plaintiffs are suggesting Quality Loan Service Corp. was never properly substituted in as trustee and thus did not have the authority to conduct the sale. (Compl. ¶ 5.)  To the extent plaintiffs' claim is based on such an allegation, it must fail because the judicially noticed documents demonstrate a substitution of trustee was recorded on April 14, 2011 wherein Quality Loan Service Corp. substituted the original trustee under the deed of trust.  (RJN, Ex. 3.)  Plaintiffs fail to point to any other alleged "wrongdoing" in their complaint.  Plaintiffs must specify the purported adverse "claims," and identify which defendant has such interests.  "Plaintiffs allege this cause of action against all Defendants.  This is insufficient to give Defendants notice of grounds upon which Plaintiffs base their cause of action." *Permpoon*, 2009 U.S. Dist. LEXIS 89723, at *16.  Plaintiffs' failure to do so defeats their quiet title claim.

*Third*, plaintiffs' quiet title claim is also defeated by their failure to pay the debt secured, as discussed in Section IV(A) above.  A purported quiet title claim is doomed in the absence of a tender of amounts owed.  "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." *Sipe v. McKenna,* 88 Cal. App. 2d 1001, 1006 (1948); *see Aguilar v. Bocci,* 39 Cal. App. 3d at 477 (trustor is unable to quiet title "without discharging his debt.  The cloud upon his title persists until the debt is paid.")

Plaintiffs' claim for quiet title is comprised of conclusory allegations which barely even recite the elements of a quiet title claim. This is wholly insufficient under California law. Absent pleading any specific adverse interests or a factual basis to support such extreme relief, plaintiffs' fail to state a claim for quiet title.

Finally, because plaintiffs' quiet title claim fails, they cannot state a claim for declaratory relief. "Claims for declaratory relief…are ultimately prayers for relief, and not causes of action." *Javaheri v. JP Morgan Chase Bank, N.A.*, No. 2:10–cv–08185–ODW (FFMx), 2012 WL 3426278 at *8-9 (C.D.Cal. Aug. 13, 2012) (*citing Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010)). Therefore, a plaintiff "is not entitled to such relief absent a viable underlying claim." *Id.* (*citing Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 888 (N.D. Cal. 2011)). A declaratory relief cause of action cannot survive a motion to dismiss when the substantive claims on which it is based are dismissed. *See, e.g., Permpoon v. Wells Fargo Bank Nat'l Ass'n*, No. 09-CV-01140-H (BLM), 2009 U.S. Dist. LEXIS 89723, at *14 (S.D. Cal. Sept. 29, 2009) ("The Court finds that the declaratory relief Plaintiffs seek is entirely commensurate with the relief sought through their other causes of action. Thus, Plaintiffs' declaratory relief claim is duplicative and unnecessary.")

## V. CONCLUSION

For the foregoing reasons, defendants respectfully request the Court dismiss plaintiffs' complaint in its entirety, with prejudice.

Dated: July 29, 2014

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Alicia Y. Hou*
　　Justin D. Balser
　　Bryan M. Liefer
　　Alicia Y. Hou
Attorneys for Defendants
FEDERAL HOME LOAN MORTGAGE CORPORATION; and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.